# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

205 S.E. Fifth Street, Room 133 Amarillo, Texas 79101-1559

JUL 30 2024 PM 2:28
FILED - USDC - NDTX - AM

Christopher D Marriott, Jacquilou C Marriott
Plaintiff

v.

Desoto County, MS Chancery Court, ....
Defendant

2-24CV-162-Z

Civil Action No.

## COMPLAINT

Christopher Marriott has moved to Childress, TX with the intention of living and working at that location and no plans to return to Mississippi or Tennessee. Egregious requirements and rulings from current Desoto County, MS Chancery Court (Judge Daniels) regarding defendants who are no longer residents of Mississippi (legal residents of Tennessee as of February 2024- living in Tennessee since August 2023) and extra assistance to petitioner (Cyries Marriott, ex-wife) that is tantamount to sexual discrimination (14th amendment, section 1, equal protection clause). Refusal to dismiss a case that had been dormant for 2 years prior and was at the time of recent order, proper in a Tennessee family court due to defendants having no ties whatsoever to Mississippi months before request to dismiss. Assignment of a guardian ad litem (Debra Pace Branan) to our case due to Cyries Marriotts repeated false reporting forpersonal gain (19 false reports over last 8 years) and the guardian ad litem (investigating Christopher Marriott and family instead for past several years. Guardian ad litem requiring Christopher Marriott and family to undergo interviews and 10 year work and living history, as was performed during custody evaluation in Utah, 2017-2018. Desoto County Chancery Court issuing recent, extra-jursditional order altering Utah Final order from 2019 in such a way to assist Cyries Marriott (believed due to sex and parental status) with therapy requirements since Cyries Marriott has not completed any therapy known to date as required. Guardian ad litem has purposefully designed recent supervised visitation schedule in such a way as to frame Christopher Marriott as not participating, to assist Cyries Marriott. Desoto County, MS chancery court has required Christopher Marriott to report location every 5 days

\* Attach additional pages as needed.

Date            7/27/2024

Signature       [signature]

Print Name      Christopher Marriott

Address         1801 Ave B SW

City, State, Zip   Childress, TX 79201

Telephone       806 402 7164

Additional Defendants
_____

~~Missipip~~
Mississipi State
Mississippi CPS
Utah Third ~~First~~ District Court
State of Utah
Utah DCFS
Desoto County, Mississippi Chancery Court
Debra Pace Brannan (Gal/Parenting Coordinator)

Cyries E. Marriott


Christopher D. Marriott
7/30/2024

**July 27, 2024**

- Petition writes this request for immediate injunctive relief and civil trial as he is starting a new job in Childress, Texas, is taking care of a partially-medically disabled wife, performing duties of a father to their 10-year-old son, and seeking long-term employment and residence in Texas. There appears to petitioner an urgent need with US District Court due to recent actions of the Desoto County, Mississippi Chancery Court and fear that same court may actually grant Cyries Marriott (ex-wife) recent requests. Petitioner has been a stationery engineer of 25 years, until recently the Sr. Maintenance Planner Scheduler at Fedex Express WHQ in charge of the most important buildings at Fedex Global Headquarters. Petitioner has left Tennessee and Memphis area permanently. To pursue any legal matter in Tennessee would be impossible for petitioner at this time due to financial constraints and the need to take care of his wife with a neurological disease and a 10-year-old son. Petition has also just started a job in Childress, TN that is a permanent, salaried position. Petitioner has been in Texas since around the 23rd of June.

**HISTORY**

- <u>January 2016</u>: Current wife at the time Cyries Marriott met another man online and fled with our one common child, Christopher E Marriott, to Florida for this romantic relationship, moving right into the home of Matthew Eads with our child who was 2 years old at the time (a man she hardly knew at the time). Cyries then proceeded to cut petitioner, Christopher D Marriott, out of their child's life, not allowing even communication between petitioner and son. Petitioner did not communicate with child again for four months and did not see child again until June of 2016, only due to a court order from a family law case ongoing in the Utah Third District Court. From 2016 until mediation hearing in September 2018, petitioner was required to fly our child in common, Christoper E Marriott, to Florida every 9 weeks to remain in compliance with the Third District Court of Utah's temporary order. The cost of doing this was a heavy burden on petitioner's finances during a time when petitioner was also paying lawyer fees and legal fees to maintain his relationship with his young son. This caused petitioner to file for bankruptcy in 2016 and has had devastating effects on petitioner's finance still felt to this day. For no reason than sex of each party, Third District Court in Utah ordered that Cyries Marriott would receive 6 weeks of parenting time to my 3 weeks of parenting time. The automatic assumption was that due to petitioners sex he was not as close to the young child as Cyries Marriott was and child needed more time with other parent. This assumption was 100% false and tantamount to sexual discrimination (14th amendment, "equal protection clause")

- <u>September 2018</u>: After a custody evaluation and years of court hearings, custody evaluator found for petitioner and full custody was agreed upon at a 4-903 mediation. From this point

on Christopher E Marriott has lived primarily with petitioner, with Cyries Marriott having parenting time until the custody trial. A bifurcated divorce between Cyries Marriott and Christopher D Marriott was also granted at this time. Cyries Marriott reserved the right for a custody trial in the agreement from 4-903 mediation.

- June 2019: Cyries Marriott requested custody trial pro se. Trial concluded. Cyries Marriott took Christopher E Marriott back to Florida for summer parenting time and promptly cut off court ordered virtual visitations. Cyries took Christopher to a therapist and enrolled our 4-year-old child in a scheme to allege abuse against petitioner. An emergency hearing was held and shortly after and Commissioner Tack order Cyries to bring Christopher back to Utah immediately. Cyries refused the Commissioner's order in open court during the TRO hearing. A writ of assistance was granted and petitioner flew out to Florida within 2 days, used local police to remove our son from Cyrie's current home and bring him back to Utah.

- November 2019: Custody Trial re-opened for a day to include recent events. Judge ordered at end of day that Cyries shall have no in person parenting time for Cyries Marriott pending final order. Final order from Utah Third District Court outlined supervised visitation for Cyries Marriott until she met certain criteria. This criteria includes participating in a therapy program and sending any reports that were previously false reports to a parenting coordinator before calling a government agency. **14 false reports** to mostly Utah DCFS were made at this point, during custody evaluation, and during custody case- from Janaury 2016 until current date, in an effort by Cyries Marriott to affect outcome of custody. Christopher E Marriott had been interviewed on 5 separate occasions at this point by Utah DCFS- all

without any findings to substantiate false reports. Final order is filed a month later by judge spelling out the all of this.

- December 2019: Petitioner and family moved to Olive Branch, MS to take care of petitioner's mother-in-law. From this time until 2022 (when GAL was assigned to case), five more false reports were made. A parenting coordinator was in place at the time but Cyries Marriott chose not to follow the final order from Utah. <u>It should be noted that a FOIA request was made for the records pertaining to these false reports to Mississippi CPS but the request was denied.</u>

- 2020: Cyries Marriott petitions Desoto County, MS Chancery Court to change supervised parenting to normal parenting. Until now supervised parenting has been in place due to Cyries continued false reporting and bad behavior.

- 2022: GAL / Deborah Pace Brannan was assigned to case due to Cyries Marriotts continued bad behavior. GAL decides to investigate petitioner and family despite extensive history of Cyries Marriott's bad behavior.

- March 2024: Complaint # COMP-24-003098 was sent to GOA office regarding ongoing aggravated deprivation of civil rights. In this initial complaint, notice was provided to the Federal government of my intent to sue the Federal government over this matter. This complaint was forwarded to the Department of Health and Human Resources as well as the Department of Justice with zero response to date. Complaint was updated on 7/27/2024 to include recent events related to Desoto County Chancery Court in Mississippi through email.

- March 2024: Case in Desoto County, MS Chancery Court is dormant for last 2 years until petitioner's (Christopher D Marriott, respondent in that case) lawyer requested dismissal

due to age and lack of activity. Also, petitioner is at this time now a resident of Tennessee. Judge Daniels refuses to dismiss and instead issues a temporary order a few months later. Petitioner has been required to go to a hearing regarding this matter in April of 2024. Cyries (petitioner in that case) is not required to attend. Petitioner does not believe he has seen Cyries attend one hearing over the last 4 years in person for this case that she is the petitioner of in Desoto County, MS Chancery Court.

- <u>April 2024:</u> Judge Daniels of Desoto County, MS Chancery Court issues temporary order stating it does not modify Utah final order of 2019 and states a modification of the same order a few lines below- modifying the report of Cyries to the judge directly regarding any therapy she has undergone (excluding parenting coordinator and therapist from decision process of return to normal parenting as written in Utah final order). In this same order, Judge Daniels states that respondent may move this case to current state of residence (at the time). Respondent in that case (petitioner in this case) did not ask for any of this legal action nor bears the burden for moving that case to another court.

- <u>June 2024:</u> After facilitating a supervised visitation in May 2024, petitioner is in process of moving out of the state of Tennessee and the Memphis area permanently. In the middle of June 2024 petitioner left Tennessee permanently while on medical leave (FLMA) for wife with neurological disease. Petitioner's family travels to several areas in Arkansas and Texas during the next 6 weeks while vacationing, looking into employment offers and places the family would like to live and taking wife to alternative medical treatments for her neurological disease.

- <u>July 26, 2024:</u> Petitioner's lawyer in Desoto County, MS / Paige Williams emailed him to call them immediately. Lawyer claims over the phone that the Desoto County Chancery Court is looking at what I am doing as if I am trying to flee the area and evade the recently issued temporary order (even though my lawyer has known for years that we planned on moving as soon as my mother-in-law passed away- which occurred in March of 2024). Petitioner's lawyer states that she has heard reports that's we are "living" in an RV (while on vacation and traveling to different locations) and that petitioner had quit his job in Memphis (this typically happens when one leaves an area permanently). Petitioner's lawyer demands my address at an RV park we are currently staying in Childress and **tells petitioner that he is required by the Desoto County, MS court to report his location every 5 days**. Petitioner's lawyer was emailed in June 2024 regarding the move out of the area, with an exact description of what petitioner is doing. Parenting coordinator was emailed regarding the move as well in June 2024, before she (Lorie Madison, employee of GAL/parenting coordinator) set another supervised visitation date in Memphis that I could not facilitate due to moving out of the area. All of this undue stress added to petitioner with no explanation while caring for his wife and her medical issues, exploring different job offers, look at different locations to live and caring for his now 10-year-old son (and also attempting to bring them some joy vacationing while doing so).

- <u>7/30/2024:</u> Cyries Marriott recently filed a motion for emergency TRO in Desoto County, MS Chancery Court and change of custody due to petitioner (in this matter) moving, being on vacation and looking at different areas to live while entertaining various job offers. TRO request states that this petitioner has committed "willful, contumacious contempt of court"

by not facilitating a second set of supervised visitations in June and July 2024 (while petitioner is on vacation). <u>Cyries had a set of two days of supervised visitation with Christopher E Marriott in May of 2024</u>. Motion also states that petitioner has not provided Cyries Marriott his address while on vacation (RV park addresses). Petitioner was not aware he was required to check in with his ex-wife and court, and provide an address wherever he goes while moving and on vacation. This is in no court order to be found. <u>It should be noted that the recent order issued from the Desoto County, MS Chancery Court in May of 2024 ordered that four virtual visitations shall take place within 8 months</u>. This would give petitioner until January of 2025 to facilitate these petitions. Cyries also claims in this TRO request that she fears she will never see Christopher E Marriott again and fears for his safety. This is absolutely no evidence to substantiate or basis for these fears written into this order. <u>This emergency TRO also requests incarceration of petitioner.</u>  <u>This malicious emergency TRO that petitioner is faced with while moving, exploring different job offers, taking care of my wife's medical appointments, taking care of my son Christopher E Marriott, exploring the areas of jobs to see if we want to live there and then starting employment on Monday, 7/30/2024 underscores exactly the level of stress, constant legal action and false claims that petitioner has faced for the last 8 years.</u> Petitioner also requests court take note that Christopher E Marriott has been in the full-time care of petitioner for almost 6 years now and is a very happy, well cared for 10-year-old. Despite Cyries Marriott's numerous false reports and subsequent investigations into himself and family, (8 interviews of Christopher E Marriott to date), there has not once been a finding that Christopher E Marriott has ever been abused or neglected.

**Complaint:**

- Just the action of recounting the events of the past 8 years is a traumatic experience to petitioner. Petitioner and his family- wife (Jacqui Marriott), Christopher E Marriott (common son with Cyries Marriott, ex-wife), daughter Emma Marriott, late mother-in-law Lolita Brown (whom lived with us for 5 years), current wife's two children (when they lived with us) have all been traumatized by Cyries Marriott's actions over the last 8 years and various government entities desire to allow them to occur. Petitioned court should also understand the depth of these false reports and their impact on petitioner's family. Many were made during the pandemic which already caused much stress on petitioner and family. Many false reports were made when petitioner and family were taking care of the frail 74-year-old mother of my wife who had 2 strokes and had just lost her husband of approximately 30 years. Same frail old woman was forced to be marched out of our home for CPS and Olive Branch, MS police department due to one of Cyries Marriott's false reports. The stress from dealing with Cyries Marriott's bad behavior in petitioner's home was most likely a major contributing factor to the heart attack that ultimately ended petitioner's mother-in-law's life in March of 2024. The stress from Cyries Marriott's bad behavior over the last several years has been a major contributing factor in Jacqui Marriott's medical condition (neurological- believe she has Multiple Sclerosis). Cyries Marriott's years of bad behavior have almost ended petitioner's current marriage to Jacqui Marriott on several occasions due to the high amount of stress it has caused for many years. Cyries Marriott's (allowed and assisted by government entities in Mississippi, Utah and Federal government) bad behavior over the past 8 years has deprived petitioner and family of life, liberty and the pursuit of happiness,

deprived petitioner and family of right to be free from unreasonable search and seizure (4th amendment), deprived petitioner and family of right to equal protection under law (14th amendment). Actions and requirements of Deborah Brannon (GAL assigned in around 2022) have deprived petitioner and family of right to free speech (1st amendment) under threat and fear of losing custody of petitioner's child Christopher E Marriott, when she told petitioner on several occasions that he could not converse with his own child regarding certain subjects related to GAL's interview. All of these additions to the multiple deprivations of civil rights under the color of law elevate these crimes to aggravated status.

- Over the last 8 years, Cyries Marriott, using various government entities such as Utah DCFS and Mississippi CPS, has been allowed to continually traumatize all of the above named in petitioner's household through **19 false reports**, constant court action that has been allowed despite herself being the sole reason for a need of court. All of these false reports and 8 years of court have caused extensive and irreparable damage to our household finances, the health of myself and my wife, my ability to fully function at any job I have held in the past 8 years (impact on my career development and income by extension) and the mental wellness and wellbeing of everyone in our household. Cyries Marriott has been allowed to terrorize petitioner's family with almost zero repercussion. Cyries Marriott was convicted in Desoto County Justice Court of false reporting in around 2021 only because petitioner personally pushed the charges through the Desoto County Sheriff's office. Despite a state law existing regarding false reporting through CPS, no government entity (many in Mississippi were contacted for assistance) would charge her with the crime (s). Cyries

Marriott received a fine after conviction, with no restitution paid to petitioner from this conviction. During the week this trial was held, Cyries Marriott was already putting into action a scheme to use petitioner's wife's ex-husband to accuse petitioner of abusing their common child that had previously been living with us. Petitioner was arrested for this false report scheme while leaving a criminal hearing for Cyries Marriott's # 15 false report at Desoto County Justice Court. This #19 false report and scheme was later dismissed because it was shown that Cyries Marriott had communicated through email to her lawyer, Gary Burgoyne, plans to be at petitioner's residence to pick up Christopher E Marriott (whom I legally have full custody of) when Cyries Marriott thought I would be in jail for this false report scheme. I believe her lawyer participated willingly in this scheme as he filed (the same day I was arrested), a motion to change custody based on this false report and scheme. Zero repercussions or sanctions amounted from this scheme that was known to the Desoto County, MS Chancery Court. This same court, but a few years later, seems to have amnesia and is attempting to fast track Cyries Marriott's return to normal parenting time by assisting her with her case.

- Petitioner and family moved from Tennessee in the middle of June 2024. Petitioner took FLMA medical leave from job at the time to care for wife and take her to alternative medical treatments while vacationing in several areas as we move to our final living destination. During this time petitioner has been entertaining several job offers to determine the best location for family and to find the most opportune position of employment. Petitioner has decided to start employment and live long term in Childress, Texas.

- A few days ago, petitioner's lawyer in Desoto County, MS has told him that the court is asking several questions (most likely raised by Cyries Marriott through her lawyer) due to petitioner "living" in an RV while on vacation and checking out several possible locations to live. Petitioner has been told they are concerned that I quit my job in Memphis (after being on medical leave for a month), even though I clearly communicated to all parties that we have moved and will not be back to the Memphis area, Tennessee or Mississippi. <u>Petitioner was told by his lawyer in Desoto County, MS that the Desoto Country Chancery Court (judge Daniels) requires petitioner to report his location every 5 days while on vacation</u>. Petitioner has communicated everything that he is doing to his lawyer around the time his family moved from Tennessee. <u>A week after petitioner communicated to all parties that he had left the Memphis area and Tennessee permanently (and would not be returning), Lorie Madison (representative of GAL's office, now parenting coordinator) emailed me and set up another weekend of supervised visitation for Cyries Marriott (with our common son) scheduled on July 13th and 14th 2024, set in the Memphis area</u>. Lorie did not ask if I was available that weekend to facilitate these visitations. Lorie later acknowledged reading the email I had sent to her office a few weeks earlier concerning leaving the area permanently, but chose not to rescind the scheduled supervised visitation. Cyries later complained in email, that I had caused her to lose her "reservation" for this second set of scheduled supervised visitations (Cyries Marriott had two supervised visitation days in May 2024). In petitioner's eyes there seems to be a design to build and create a case to allow the Desoto County, MS Chancery Court the opportunity to label petitioner as not cooperating and attempt to possibly take unwarranted action against petitioner. <u>Lorie Madison / parenting coordinator employee also</u>

<u>scheduled a second set of supervised visitations around the middle of June 2024, without asking petitioner if he was available to facilitate those dates. Petitioner was in process of moving during that time.</u>

- On or about March of 2024, petitioner's lawyer in Desoto County, Mississippi had requested the family law case which had been dormant in Desoto County, MS Chancery Court for 2 years, be dismissed due to inactivity, and petitioner moving to Tennessee in August of 2023 and being a legal resident of Tennessee as of February of 2024. Petitioner believes the case had been dormant due to Cyries Marriott (ex-wife, petitioner in that case) not paying the guardian ad litem as required per court order several years ago, but the court and lawyers are vague in their responses about why the case sat for two years. Cyries Marriott also did not request any supervised visitations during the same 2 years (Approximately February 2022-March 2024). Cyries Marriott decided to start the case up again for unknown reasons and the Desoto County Chancery Court allowed her despite jurisdiction issues. I believe the GAL continued with our case (and requirement for myself and our common son, Christopher E Marriott, to being interviewed again in around March of 2024) without receiving payment from Cyries Marriott as was ordered by the court. I have asked the GAL during this recent interview if Cyries did pay her according to the court order and was only given vague answers, not a yes or no, with Deborah Brannon stating only "she has fully cooperated with our office". When I asked Debrah Brannan (GAL) during same interview if Cyries Marriott had completed therapy as required by the Utah final order of 2019, she refused to answer even a yes or no. It is petitioner's belief that the GAL assigned has been biased since date of

assignment. Deborah Brannan has stated during same interview in May 2024 that she had an ongoing investigation into myself (since assignment in 2022) and petitioner believes she has been attempting to find anything she can to use against petitioner while assisting Cyries Marriott with her case unlawfully. Debrah Brannan seemed to have amnesia concerning the many years of bad behavior that Cyries Marriott had in recent history during this same interview (second interview required of myself and Christopher E Marriott- common son with Cyries Marriott). Petitioner does not believe that Cyries Marriott has been under investigation as well or has been required to participate in-person for the same number of interviews with Gal despite Cyries Marriott's years of bad behavior being the sole reason of need for GAL (Cyries Marriott lives in Florida as far as petitioner is aware). In around 2022, GAL required petitioner to submit a 10 year work and home address investigation when she was first assigned to the case. Same investigation that petitioner went through during custody evaluation in Utah around 2017-2018. GAL's actions and requirements made petitioner feel as though he was going through a second custody evaluation for a matter that already had a final order issued out of Utah in 2019. Out of fear of losing custody of his son, Christopher E Marriott, petitioner cooperated with GAL, although petitioner did not want to. It was additionally discovered a few months ago, undisclosed to petitioner, that Deborah Pace Brannan was also acting as an assistant city prosecutor for the city of Southhaven, Mississippi during the time she was acting as Guardian Ad Litem in the Desoto County, MS Chancery Court case.

- Judge Daniels of the Desoto County, MS Chancery Court refused to dismiss this case that was dormant for 2 years, despite no longer having jurisdiction, and instead decided to issue a temporary order in May of 2024. This temporary order alters the final order from Utah's Third District Court from 2019 (result of custody trial). Even though the temporary order states that it does not alter the Utah final order, it actually changes who decides if Cyries Marriott has completed therapy for what has caused her to have supervised visitation of common child to petitioner (Christopher E Marriott). This temporary order also states that Respondent may request case be moved to Tennessee. Petitioner (in this matter) did not ask for this legal action (the petitioner in this matter is the respondent in the Desoto County case) and had asked for it to be dismissed- the requirement to move the case to Tennessee (in what was the proper venue) is not a burden that the respondent in that matter would bear.

**PRAYER FOR RELIEF:**

- Petitioner requests this court grant himself and family victim status in this case and all protections afforded to said victims of Deprivation of Civil Rights Under the Color of Law. Petitioner is a refugee seeking safe legal harbor from future false reports and frivolous, capricious court action whose sole design is to wear petitioner down until he gives up full custody of common child with Cyries Marriott. Petitioner cannot state with enough emphasis how worn out petitioner's family is and how this ongoing situation for the last 8 years has prevented petitioner from enjoying parenting the child he has full custody of and providing the best home possible for Christopher E Marriott. Petitioner believes this has been by design both by Cyries Marriott and the various institutions that have allowed her actions of the last 8 years.

- Petitioner requests that counsel be granted to petitioner as he has attempted to contract many lawyers in the Amarillo, Wichita and North Dallas general area (approximately 8) and has not received a call back or they do not take this kind of case. Additionally, due to 8 years of court and legal fees, custody evaluation fees, ect. petitioner requests financial assistance with counsel.

- Petitioner requests immediate injunctive relief preventing Desoto County, MS Chancery Court from taking any additional action against petitioner in this matter. Petitioner has had no ties whatsoever to Mississippi or Desoto County since August of 2023.

- Petitioner requests this court strike the recent Temporary Order from Judge Daniels issued in May of 2024. It was an extra-jurisdictionary order and is additionally unlawful in that it modifies the existing final order from Utah's Third District Court issued in December of 2019 to assist petitioner in the matter before Desoto County, MS Chancery Court with circumventing therapy requirements.

- Petitioner asks this court for a civil suit against named defendants in civil suit cover sheet with a jury trial. Requested damages award sought is 10 million USD total from all parties or amount that jury finds appropriate, liability divided as seen fit by judge or jury.

- Petitioner asks that Debra Brannan's office (GAL / parenting coordinator) be immediately removed from any family law case related to minor child Christopher E Marriott as their office has shown bias in this matter, and has acted unlawfully and inappropriately for an officer of the court.

**Exhibits:**

1.) Email from parenting coordinator employee / Lorie Madison setting a date for second set of supervised visitations in mid-June 2024 without asking me if I am available to facilitate these visitations. My response on June 17th, 2024 is included. (3 pages)

2.) Second email from parenting coordinator employee / Lorie Madison setting another date in July 2024 for supervised visitation in the Memphis area after she received email that I had moved from the area on June 17th, 2024. (2 pages)

3.) Recently file motion for Emergency TRO by Cyries E Marriott in the Desoto County, Mississippi Chancery Court (9 pages)

4.) Desoto County, Mississippi Chancery Court Temporary Order of 5/2024. (2 pages)

5.) Final order from Utah Third District Court from 2019 (51 pages)

6.) TRO from Utah Third District Court from 2019 (3 pages)


Christopher D. Marriott
Pro Se

JS 44 (Rev. 04/21) (TXND 4/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Christopher D Marriott

**DEFENDANTS**
Desoto County Chancery Court, Mississippi CPS, State of Mississippi, Utah DCFS, Utah Third District Court, State of

**(b)** County of Residence of First Listed Plaintiff: **Childress, TX**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Desoto, Mississippi**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro se (for time being)

Attorneys *(If Known)*
Not yet known

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [X] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District (specify)
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
14th amendment, section 1 "equal protection clause", 1st ammendment, 4th ammendment, "right to life, liberty and pursuit of happiness" clause;

Brief description of cause:
Sexual descrimination in family courts and CPS due to custody of child, aggravated deprivation of civil rights under the color of law- 1st ammendm

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Daniels
DOCKET NUMBER: 20-CV-1408 (additional cases)

DATE: 7/27/2024
SIGNATURE OF ATTORNEY OF RECORD: Pro Se Christopher D Marriott

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____